AO 91 (Rev. 11/11) Criminal Complaint

RECEIVED
CLERK'S OFFICE
2016 OCT 24 PM 3: 15
U.S. DISTRICT COURT
MIDDLE DIST. OF GEORGIA
MACON, GEORGIA

# UNITED STATES DISTRICT COURT

for the

Middle District of Georgia

United States of America
v.
JENNINGS B. SUMMEROUR, JR.

Defendant(s)

Case No. 3:16-MJ- 17

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of October 14, 2016 in the county of Clarke in the Middle District of Georgia, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, U.S.C. Section 2422(b) | Attempted Online Enticement of a Minor |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Special Agent Andy L. Smith, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: October 24, 2016

[signature]
*Judge's signature*

City and state: Macon, Georgia

Charles H. Weigle, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

1. I, Andy L. Smith, being duly sworn, depose and state the following:

2. I am a Special Agent with the United States Department of Justice, Federal Bureau of Investigation (FBI), since 2002. Upon being hired as a Special Agent with the FBI, I attended the FBI Academy in Quantico, Virginia, where I received extensive training on investigating various violations of federal law. While at the FBI Academy, I received specific training on using digital tools to conduct investigations. Since then, I have participated in several criminal investigations involving cybercrimes and violent crimes against children. I am currently assigned to the Atlanta Division, Macon and Athens Resident Agencies, where my primary role is the Supervisory Senior Resident Agent. Prior to being assigned to the Atlanta Division, I was a Program Manager in the Cyber Division of the FBI and have investigated Cyber matters throughout my employment with the FBI.

3. This affidavit is submitted in support of charging a criminal complaint against Jennings B. SUMMEROUR, Jr. for violation of federal law.

4. The information contained in this affidavit is based upon the affiant's personal knowledge and observations, interviews with persons, review of government and business records, and of records, reports, and information received from other law enforcement related sources. This affidavit is likewise based on reports and observations made by other law enforcement officers and the information obtained by other law enforcement officers. This affidavit is not intended to convey all the facts of the entire investigation, but rather to establish cause to support the request for a Federal criminal complaint.

## The Investigation

5. On or about October 14, 2016, the Federal Bureau of Investigation (FBI), Child Exploitation and Computer Crimes Unit of the Georgia Bureau of Investigation (GBI), and the Georgia Internet Crimes Against Children Task Force (including officers from the Athens-Clarke County Police Department) conducted an undercover operation. This undercover operation targeted online child predators who were willing to pay to have sex with a child.

6. As part of the undercover operation, law enforcement posted ads on Backpage.com, which is a website frequently used for soliciting prostitution. The Backpage.com ad placed on October 14th was entitled, "Petite BAD girl Let me be your Dirty Little Secret!" The ad had a text section which stated:

> Hello gentlemen! The name's Missy. I'm new in town with some in call specials!! don't let my petite and sweet looks fool u—i've got skills that will leave u speechless don't miss a chance to meet a girl who loves to please and be pleased

7. The ad also contained numerous pictures of a young girl posing in a hotel room. The individual posing in the ads as a child was, in fact, a petite and youthful-looking undercover officer (UC).

8. As with all Backpage.com ads, the ad listed the poster's age, which here was "99." In my training and experience, a posting age of "99" is code for the fact that a child is being advertised for prostitution.

9. On October 14th, SUMMEROUR saw the ad and initiated contact with the poster via text message. Initially, SUMMEROUR asked if the girl offered "out calls," which meant would she travel to his house. When told that she only offered "in calls," which meant that he would have to come to her, he responded: "You are Very Lovely. How about for $200?" SUMMEROUR then offered to pick the girl up and bring her back to his residence.

10. Later in their text message exchange, the UC informed SUMMEROUR that she was only 14 years old and asked if he was ok with her age. SUMMEROUR wrote back "Oh no. Sorry. You are a cop." He then asked: "Can I call you." Approximately two minutes later, not having received a response, SUMMEROUR wrote, "Talk to me Missy" and then called the UC.

11. A recorded phone call then took place between SUMMEROUR and the UC posing as a child. In that call, SUMMEROUR asked the UC if this was a trap and whether, when he pulled up, cops would be there. The UC answered that it was not a trap, and she did not want anyone finding out what she was doing. SUMMEROUR then asked where he could pick the girl up where it would be discrete and no one would see them. The UC stated that she could not drive anywhere yet because she was only 14, but she could walk somewhere to meet SUMMEROUR. He responded, "that would be good."

12. In the same conversation, the UC asked if SUMMEROUR would "have protection or anything," meaning a condom, and he responded, "Yes, I'll use some protection, yes I will, definitely. Most definitely." The UC then asked if SUMMEROUR wanted a half or a whole hour with her, and he responded, "I want the whole hour with you, oh my gosh....I just loved your pictures right off the bat. I saw the pictures, and I thought, she's just gorgeous. Just gorgeous." SUMMEROUR then asked the girl to send him an address so that he could come pick her up, and he asked her to wear something cute.

13. The UC subsequently texted SUMMEROUR an address where they could meet. SUMMEROUR again asked if she was with the police, and the UC said that she was not. SUMMEROUR drove to the address provided by the UC, where he was arrested for attempting to meet a child he had repeatedly been told was 14-years-old for sex. SUMMEROUR is 66 years old.

14. A search of SUMMEROUR's car after his arrest revealed a loaded .40 caliber handgun. In the trunk of his car were trash bags, a roll of heavy duty plastic sheeting, twine, rubber gloves, a home dust mask, towels and rags, paper towels, a change of clothes, and shoes.

15. SUMMEROUR subsequently waived his Miranda rights and agreed to speak with the police without the presence of a lawyer. SUMMEROUR then gave a recorded confession wherein he admitted traveling to meet a girl whom he believed was 14-years-old to pay her to engage in sexual acts with him. SUMMEROUR also said that he works in the youth department of an Athens church and has previously worked as a youth leader in another church.

**Affiant's Personal Knowledge and Experience**

16. Your affiant knows that Clarke County, where SUMMEROUR was arrested, is within the Middle Judicial District of Georgia, specifically within the Athens division.

**Submission of Probable Cause**

Based on the above, your affiant respectfully submits that probable cause exists to believe that Jennings B. SUMMEROUR, Jr. has violated Title 18, Section 2422(b) of the United States Code, in that it is probable to believe that SUMMEROUR used any facility or means of interstate or foreign commerce in a knowing attempt to persuade, induce, entice, or coerce a girl who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, to wit, Enticing a Child for Indecent Purposes under Georgia Code Section 16-6-5.

Respectfully Submitted,

[signature]

ANDY L. SMITH
Special Agent
Federal Bureau of Investigation

SUBSCRIBED and SWORN before me this 24th day of October, 2016

[signature]

HONORABLE CHARLES H. WEIGLE
UNITED STATES MAGISTRATE JUDGE